### John Drew v. Mathew Roche.

#### Gen. No. 4,846·

Verdict—*when set aside as against the evidence.* Notwithstanding the amount involved in a cause is small, a verdict will be set aside on review if manifestly contrary to the law and the evidence.

Assumpsit. Appeal from the Circuit Court of Lee county; the Hon. JAMES S. BAUME, Judge, presiding. Heard in this court at the April term, 1907. Reversed and remanded. Opinion filed August 6, 1907.

H. A. BROOKS and C. C. BROOKS, for appellant.

JOHN P. DEVINE and J. W. WATTS, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

This was a suit in assumpsit to recover the price of a cow, bought by Mathew Roche, before a justice of the peace, against John Drew. Roche recovered a judgment and Drew appealed to the Circuit Court of Lee county, where a trial was had, resulting in a verdict of $35 for Roche. A motion for a new trial was overruled, judgment was entered on the verdict, and Drew appealed.

From the evidence it appears that one Thompson had a public sale of his effects, at which appellee, by Thompson, sold this cow, which had the habit of sucking herself, as Thompson knew. Roche had made a harness to prevent her from doing this, but when put up for sale, she did not have it on. Appellant did not know that this was Roche's cow, nor that she had the habit, until after he had bid $35 and she had been struck off to him, when the bystanders asked if the harness went with the cow. On ascertaining that he had bid off Roche's sucking cow, which he had seen in Roche's pasture, but did not recognize at the sale, he refused to take and pay for her, on the ground that she was warranted straight and right, and that there was a breach of the warranty.

Whether there was a warranty or not depends on two propositions: First, was Thompson, Roche's agent for the sale of the cow? Second, did Thompson's statements amount to a warranty? It is undisputed that appellee brought this cow, with another cow and a horse, to the sale, and stood by and heard Thomp-

son's statements respecting the qualities of this cow, then offered for sale. From the evidence it is clear, in our opinion, that Thompson was the authorized agent of appellee for the sale of the cow.

Appellant testified that Thompson said: "Gentlemen, if there is anything wrong with these cows, I will tell you. You need not be afraid to bid." And that he told Thompson that he wanted a milch cow, and that Thompson said that there were some good ones there, and further, that Thompson stated, when he inquired about this particular cow, that she was straight and all right. Five other witnesses testified, corroborating appellant's testimony as to Thompson saying that the cow was straight and all right. Thompson testified that he did not make such a statement, but admitted saying that if anything he said about the cows was not so, they need not take them. Two witnesses for appellee testified that Thompson did not say that the cow was straight and all right, and a third did not hear him make the statement. In our judgment there is a clear preponderance of positive testimony that Thompson did say that the cow was straight and all right, intending it to be understood by appellant as a warranty, to induce him to buy the animal.

Appellant complains of the refusal of three instructions offered by him. An examination shows one to be confused and doubtful in meaning and the others not applicable to the evidence in the case; therefore there was no error in their refusal.

In our opinion the verdict and the judgment in this case are not according to the law and the evidence, and although but little money is involved, it is a case in which the court should not hesitate to set aside a verdict and reverse a judgment so clearly against the law and the weight of the evidence and so plainly unjust to appellant.

The judgment is reversed and the cause remanded.
*Reversed and remanded.*